Wilde J.
delivered the opinion of the Court. The material facts set forth in the bill being admitted by the demurrer, the question is, whether upon these facts the plaintiff is entitlec to the relief prayed for ; whether the writings and statements set forth in the bill, will admit of the construction contended for by the plaintiff’s counsel.
As to the two conditional notes, no inference can be made from them in favor of the trust set up by the plaintiff. On the contrary, the condition or proviso was evidently inserted for the security of the defendant, and to provide against the contingency of an unfavorable sale, in case the proceeds should fall short of the sums due to the defendant. These notes therefore clearly fail to support the trust set forth in the bill. For as the deficiency of the proceeds of sale is provided for, and no provision is made for paying over the surplus, the presumption would be, if any were to be made, that the surplus was not to be accounted for.
Nor does the defendant’s proposal of December 1811, with the statement of the account between the parties accompanying it, support the trust relied on in the bill. These papers may show that the lands were held upon some trust, or that some *251 trust was intended to be raised ; but what the trust was, or what it was intended to be, does not appear. The proposal was to release to the testator one of the lots in Boston and to hold the residue of the lands as security for the defendant’s balance ; but it does not appear, nor is it averred, that this proposal was accepted ; nor were the accounts then settled. The proposal however, with some modification, was after-wards, in May, 1813, accepted by the testator, and formed the basis of the agreement then made. The notes of hand were then given up and cancelled, and all prior proposals must be considered as waived by that agreement. The accounts between the parties were then settled, and it was agreed that the lands should be held as security for the defendant’s balance. According to the construction of that agreement the most favorable to the plaintiff, it operated in the nature of a mortgage. ' In strictness, however, it was not a mortgage ; and to entitle the plaintiff to a release of the lands, the defendant’s debt should have been paid within the time limited by the agreement. It is unnecessary however to consider this question, as no payment or tender of payment has been made at any time.
With regard to the letter from Joseph Peirce, it must be taken as part of the bill, as it is averred to be true. But it does not support the trust set out in the bill. It shows, it is true, that the loan of 3000 dollars and the conveyance of the lands in Maine were a separate transaction, and not connected with the previous dealings between the parties. In the close of the letter it is intimated, that the conveyance of the lands in Maine might be considered as a mortgage ; but if it were a mortgage, it is clear that the plaintiff would not be entitled to a release of the lands without paying the interest, as well as the principal sum loaned. Besides, whatever were Peirce’s expectations, they could be of no avail after the agreement of May, 1813. It is not intimated in the letter that any subsequent agreement was ever made between the parties ; and it is certainly impossible, under the agreement of 1813, to support the bill in its present form.

Bill dismissed.